SHIRLEY JUNE PRINDLE & another *vs.* SANDRA JEAN FISK. May 30, 1974. This is an appeal from a decree of a Probate Court by which

the petitioner Shirley Prindle was appointed guardian with custody of a child who was then twenty months of age. The petitioner is the child's maternal grandmother, and the respondent is his mother. We have before us the judge's report of material facts and a transcript of the evidence introduced at the hearing. The respondent contends that neither the judge's report of material facts nor his finding that the respondent was unfit to have custody of the child (see G. L. c. 201, § 5) is supported by the evidence. We disagree. The judge found that the respondent had "no interest in the child" and that in the "pattern of living which she [chose], the child [had] no place whatever." These statements may be regarded as the equivalent of a finding of unfitness, in light of the interpretation given to that term by the court in *Richards* v. *Forrest,* 278 Mass. 547, 552-553 (1932). See also *Guardianship of a Minor,* 1 Mass. App. Ct. 392, 395-396 (1973). Both the petitioner and the child's father gave detailed testimony, which was confirmed by other witnesses, that the respondent lacked interest in the child and had failed to care for him. It was undisputed that the child had lived in the petitioner's home for all but seven months of his life and had been in her custody for eight months prior to the hearing. There was also evidence that the respondent had had moments of extreme hysteria, had on occasion used drugs (including "speed"), and had hit the child without cause. We believe that the evidence supports the judge's findings on the issue of unfitness. In all custody cases the primary consideration is the welfare of the child. See *Richards* v. *Forrest, supra,* at 553; *Adoption of a Minor,* 343 Mass. 292, 294 (1961); *Duclos* v. *Edwards,* 344 Mass. 544, 546 (1962). On this point there were findings that the petitioner and the child loved each other and that she took excellent care of him. The judge's findings must stand unless they are plainly wrong. *Guardianship of a Minor, supra,* at 398. See also *Willett* v. *Willett,* 333 Mass. 323, 324 (1955). We conclude that the judge was not plainly wrong and that the decree entered was supported by the evidence and should be and is affirmed. Although the child's father gave his assent at the hearing and testified in the petitioner's behalf, his written consent does not appear to be on file, as required by G. L. c. 201, § 5. Accordingly, no decree after rescript shall be entered until such time as such consent shall be placed on file in the Probate Court.

*So ordered.*

*Lawrence L. Blacker* (*Richard W. Schwartzman* with him) for the respondent.

*John R. Longo* for Shirley June Prindle.